FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 11:14 am, Aug 12, 2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | |
|---|---|
| MARCOS LOPEZ GUZMAN, | |
| Petitioner, | CIVIL ACTION NO.: 5:19-cv-90 |
| v. | |
| WARDEN TRACY JOHNS, | |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Marcos Guzman ("Guzman"), who is currently incarcerated at D. Ray James Correctional Institution in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Guzman filed a Response. Docs. 7, 11. For the reasons which follow, I **RECOMMEND** the Court **GRANT in part** and **DENY in part** Respondent's Motion to Dismiss and **DENY** Guzman's equal protection claim.

## BACKGROUND

Guzman is currently serving a federal sentence imposed by the District Court for the Eastern District of North Carolina based on his convictions for conspiracy to distribute and possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. Doc. 1 at 1; Doc. 1-2 at 1. He has a projected release date of June 30, 2024, via good conduct release. Doc. 1-1 at 2; Doc. 1-2 at 1.

As a result of disciplinary proceedings based on a Code 108 charge for possession, manufacture, introduction, or loss of a hazardous tool (a cellular telephone), Guzman was sanctioned with: the loss of 131 days' good conduct time (41 days' good conduct time and 90

days' non-vested good conduct time); 60 days' disciplinary segregation, suspended; and 6

months' loss of phone, commissary, and visitation privileges.  Doc. 1-1 at 3; Doc. 4 at 3–4.

Guzman asserts that the imposition of the sanctions violated his procedural due process rights

and that the parties involved in imposition of the sanctions lacked the authority to do so.

Guzman seeks the expungement of his disciplinary violation and the restoration of his 131 days'

lost good conduct time.  Doc. 1 at 8.

## DISCUSSION

In his Petition, Guzman mentions his sanction of 131 days of lost good conduct time is

more severe than sanctions meted out for the same Code violation in Bureau of Prisons' ("BOP")

facilities.  Doc. 1-1 at 2.  He asserts his due process rights were violated because he was

sanctioned by a "partial decision maker and non-BOP employee."  Doc. 1-1 at 6.  Guzman also

asserts he was not provided with a 24-hour notice that he was going to have a disciplinary

hearing.  Id.  Guzman avers the BOP failed to follow its own procedures and regulations, making

its sanctions invalid.  Id. at 7–8 (citing 28 C.F.R. §§ 541.2, 541.8(b), 541.1, 500.1(b)(1)).  Of

note, Guzman asserts § 500.1(b)(1) defines "staff" as "any employee of the Bureau of Prisons

Industries Inc[.]," and, although a disciplinary hearing officer ("DHO") at a contract facility such

as D. Ray James need not be an employee of the BOP Industries, "the regulation [does] require

that sanctions be imposed by 'Bureau Staff.'"  Id. at 8.  Guzman states DHO Roger Perry, as an

employee of a for-profit corporation (The GEO Group) receives a bonus for any modification to

an inmate's sentence he imposes, which causes that inmate's term to be unlawfully extended.  Id.

at 10.

Respondent argues Guzman received all the process he was due.  Doc. 7 at 6.  In

addition, Respondent asserts the DHO's finding of guilt was supported by "some evidence" and

the imposed sanctions comport with BOP policy.  Id. at 6–8, 10–11.  Respondent also asserts the BOP has the authority to allow contract facilities' employees to conduct disciplinary hearings and impose sanctions.  Id. at 8–9.  Further, Respondent contends Guzman's assertion that the BOP did not follow its own policy about administrative remedy filings is not a ground for habeas relief.  Id. at 9–10.

## I.      Whether the DHO Was Authorized to Impose Sanctions

In his Response to the Motion to Dismiss, Guzman asserts Respondent did not address whether DHO Perry, as an employee of a for-profit, private corporation, had authority to impose sanctions on him, as the relevant Regulations require that sanctions be imposed by BOP staff.  Doc. 11 at 2.  Guzman contends DHO Perry's declaration indicates he has no authority to impose sanctions on federal inmates, even though he states he received BOP training.  Id.

The BOP is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States."  18 U.S.C. § 4042(a)(3).  The BOP's authority in this area may include contracting out the care of prisoners to private facilities.  18 U.S.C. § 4013(a)(3).  Additionally, the regulations governing the BOP's discipline program explain that the program applies to inmates assigned to "any prison, institution, or facility in which persons are held in custody by direction of, or under an agreement with, the Bureau of Prisons."  28 C.F.R. § 541.2; BOP Program Statement 5270.09.  The inmate discipline program "helps ensure the safety, security, and orderly operation of correctional facilities, and the protection of the public, by allowing Bureau staff to impose sanctions on inmates who commit prohibited acts."  28 C.F.R. § 541.1.  "Staff" is defined as "any employee of the Bureau of Prisons or Federal Prison Industries, Inc."  28 C.F.R. § 500.1(b).[1]

---

[1]      In contrast, an "inmate" is defined as "all persons in the custody of the Federal Bureau of Prisons or Bureau contract facilities . . . ."  28 C.F.R. § 500.1(c).

D. Ray James is a facility operated "under an agreement with the Bureau of Prisons." Therefore, the Court must determine whether staff at D. Ray James Correctional Facility, as a non-federal facility, may nevertheless institute disciplinary proceedings and impose disciplinary sanctions as delegated by the BOP.  The Court finds Respondent has not answered one of the direct contentions Guzman raises.

The Court agrees the BOP's discipline program applies to all federal inmates, including those, like Guzman, who are housed by a private corporation with a contract with the BOP.  Doc. 7 at 8 (citing 28 C.F.R. § 541 (federal regulations pertaining to inmate discipline), and Program Statement 5720.09 (stating that it is necessary for institution authorities to impose discipline on those inmates whose behavior is not in compliance with the BOP's rules in order for inmates to live in a safe and orderly environment)).[2]  The Court also recognizes Respondent's reliance on Hilario-Paulino v. Pugh, 194 F. App'x 900 (11th Cir. 2006), in support of his assertion that the process of the contract DHO recommending the loss of good conduct time and a BOP staff member reviewing the recommendation has been upheld by courts, including this Court.  Doc. 7 at 8.  However, in Hilario-Paulino v. Pugh, the Eleventh Circuit Court of Appeals deferred to the BOP's interpretation of "redelegate" in § 0.97—that it did not delegate its authority to discipline inmates at contract facilities because it retained the authority to review imposed sanctions—and found the interpretation "neither plainly erroneous nor inconsistent with the regulation . . . ."  194 F. App'x at 904.  The Eleventh Circuit noted the BOP's interpretation of § 4042(a) was not unreasonable under Chevron, USA, Inc. v. Natural Resource Defense Council, Inc., 467 U.S. 837, 842–44 (1984), because the BOP can "delegate a portion of its authority to discipline

---

[2]      Indeed, Guzman recognizes the authority of non-BOP staff to conduct disciplinary proceedings. Doc. 11 at 2.

4

prisoners in privately run institutions to private actors, though reserving for itself the role of final arbiter."  Id. at 903.

While Respondent's interpretation is not unreasonable as to delegation and the disciplinary processes as to contract facilities, his argument in this regard does not address Guzman's argument that DHO Perry, as non-BOP staff, did not have the authority to impose sanctions against Guzman.  While DHO Perry referred to the sanctions as being recommendations, doc. 7-1 at 4, other evidence indicates DHO Perry was the person who imposed these sanctions, id. at 13, and Gerald M. Johnson with the BOP's Privatization Management Branch merely certified the sanctions DHO Perry imposed, id. at 16.  Again, Respondent does not address the concern that a DHO for a privately-owned corporation is not "staff" under the Regulations and cannot, therefore, impose sanctions.  See Arredondo-Virula v. Adler, 510 F. App'x 581, 582 (9th Cir. 2013) (noting a private contractor was not authorized to discipline an inmate under the version of 28 C.F.R. § 541.10(b)(1) in place at the time and reversing the district court's judgment dismissing the petition); see also Allen v. Young, Case No. 5:18-cv-01463, 2020 WL 2477939, at *7 (S.D. W.Va. Mar. 2, 2020) (observing § 541.10(b)(1) has been repealed, but "the disallowance of [good conduct time] by a contracted DHO remains problematic. . . .  Under the revised regulations, . . . 'it appears that any disciplinary sanction must be imposed by a BOP employee.'") (citation omitted); Arellano v. Benov, No. 1:13-cv-00558, 2014 WL 1271530, at *6 (E.D. Cal. Mar. 26, 2014) (finding the reasoning of Arredondo-Virula "persuasive[]" and noting the meaning of "staff" in the regulations "only allows BOP employees to take disciplinary action.").

Thus, I **RECOMMEND** the Court **DENY** this portion of Respondent's Motion to Dismiss.  This is not to say Guzman's claim is meritorious, only that the Court cannot decide the

issue based on the record before it. However, the Court addresses Respondent's remaining grounds, as it appears Guzman only questions DHO Perry's authority to impose sanctions as a non-BOP staff member, not his ability to conduct the proceedings. See n.2.

## II.   Whether Due Process Requirements Were Met

To determine whether Guzman's right to due process was violated, the Court must determine what process was owed to Guzman. A prisoner has a protected liberty interest in statutory good time credits, and therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are taken away or denied. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)). That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him; (2) is given the opportunity to call witnesses and present documentary evidence; and (3) receives a written statement setting forth the disciplinary board's findings of fact. Id. (citing Wolff, 418 U.S. at 563–67). Additionally, the Eleventh Circuit has determined an inmate has the right to attend his disciplinary hearing. Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992). Importantly, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants. Id.

Guzman was charged on September 11, 2018, with possession of a hazardous tool (a cellular phone), in violation of Code 108. Doc. 7-1 at 12. A correctional staff member prepared an incident report, and Guzman was given a copy of the incident report the same day. Id. After the Unit Discipline Committee ("UDC") referred the matter, Disciplinary Hearing Officer ("DHO") Roger Perry conducted a disciplinary hearing on September 26, 2018. Id. Guzman waived his right to witnesses, did not have documentary evidence, and waived his opportunity to have staff representation during the hearing. Id. Prior to the hearing, Guzman was advised of his

6

rights before the DHO on September 18, 2018.[3]  Id.  DHO Perry concluded the evidence supported a finding of Guzman having committed the prohibited act of possession of a cell phone as charged.  Id. at 13.

As set forth in the attachments to the parties' pleadings, the record clearly reflects Guzman received the required due process protections.  An incident report was issued on September 11, 2018, and Guzman received this incident report the same day.  Id. at 12.  Guzman was advised of his rights before the DHO and received a copy of the notice of hearing and his rights on September 18, 2018.  Id.  He received a DHO hearing on September 26, 2018, and acknowledged his receipt of the incident report at the hearing.  Id. & at 13.  Guzman attended the hearing, and his rights were again read and reviewed with him.  Guzman declined to have a staff representative and did not wish to present evidence or witnesses.  Doc. 1-3 at 1.  Following the hearing, DHO Perry detailed his factual and legal conclusions, and Guzman was provided with the DHO's written report.  Id. at 2–3.  Thus, the well-documented evidence unequivocally

---

[3]     The DHO Report form indicates a copy of the advisement of rights form is attached to that form. Doc. 7-1 at 12.  This rights form is not attached to Respondent's submissions.  While Guzman contends he did not receive notice of the hearing at least 24 hours in advance, doc. 1-1 at 6, this contention is not supported by the evidence of record.  See Doc. 1-3 at 1, Doc. 7-1 at 12 (stating Guzman was advised of his rights on September 18, 2018, eight days before the hearing).  And even if Guzman's contention were supported, he would not be entitled to relief on this ground, as this is not a viable due process violation. See Wallace v. Fed. Det. Ctr., 528 F. App'x 160, 162–63 (3d Cir. 2013) (noting that, even if § 541.5(a) was violated when petitioner received a copy of the charges two months after the incident, there was no due process violation under Wolff and the delay did not prejudice petitioner); Abbadessa v. Haynes, Civil Action No. CV211-084, 2011 WL 6004330, at *3 (S.D. Ga. July 15, 2011) (Even if petitioner could show non-receipt of incident report within 24 hours, "this would show only a failure to comply with the ideal set forth in a BOP policy.  It would not demonstrate a violation of a constitutional right."); see also Burgess v. Taylor, 647 F. App'x 952, 953 (11th Cir. 2016) (upholding district court's finding of no clear error in finding petitioner received all due process protections when he received written notice of charges at least 24 hours before DHO hearing); Jones v. Corizon, No. 2:12-cv-786, 2015 WL 5013954, at *18 (M.D. Ala. Aug. 18, 2015) (stating the circumvention of departmental regulations or policies does not assert a violation of an inmate's constitutional rights (citing Sandin v. Conner, 515 U.S. 472 (1995), and Harris v. Birmingham Bd. of Educ., 817 F.2d 1525 (11th Cir. 1987))); Le v. Augustine, No. 5:12cv377, 2013 WL 2250142, at *7 (N.D. Fla. May 22, 2013) (finding Program Statements are "BOP policies, guidelines or interpretive rules, not substantive law[,]" and violations of these Program Statements are not violations of federal law that can be sustained in a habeas petition).

demonstrates that Guzman received advance written notice of the charges against him, attended the hearing, was given the opportunity to call witnesses and present documentary evidence, and received a written statement setting forth the DHO's findings of fact.

Additionally, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843, 845 (11th Cir. 2011).[4] "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 456. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Tedesco v. Sec'y for Dep't of Corr., 190 F. App'x 752, 757 (11th Cir. 2006) (internal citation omitted).

The DHO's finding that Guzman committed the charged offense of possession of a hazardous tool is supported by "some evidence." Specifically, DHO Perry considered Guzman's admission of the charge, the incident report and investigation, still photographs of the

---

[4]   The "some evidence" standard is a requirement of procedural, not substantive, due process. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) ("We now hold that revocation of good time does not comport with 'the minimum requirements of procedural due process, unless the findings of the prison disciplinary board are supported by some evidence in the record.'") (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)); see also O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (noting in Wolff and Hill "the Supreme Court addressed the requirements of procedural due process in the prison setting.").

confiscated cellular phone and where it was found (with a picture frame in a box containing Guzman's property), and the chain of custody.  Doc. 14-1 at 12–13.

The record before the Court reveals Guzman received all of the due process protections afforded him during the disciplinary proceedings, and any contention to the contrary is without merit.  Thus, the Court should **GRANT** this portion of Respondent's Motion.

## III.   Whether the Administrative Remedies Process Was Followed

Guzman asserts he received a rejection notice from the Central Office stating he did not provide a copy of his Regional Administrative Appeal.  Doc. 1-1 at 5.  Guzman avers this is not true and is an example of the "typical bias" involved with the administrative remedies process, which should also be a reason to expunge his disciplinary report.  Id.

To the extent Guzman contends a violation of the administrative remedies process entitles him to relief under § 2241, such a contention fails.  Bell v. Warden, FCI Tallahassee, Case No. 4:19cv442, 2020 WL 3686850, at *5 (N.D. Fla. June 9, 2020); Le v. Augustine, No. 5:12cv377, 2013 WL 2250142, at *7 (N.D. Fla. May 22, 2013) (adopting recommendation that alleged violation of regulations relating to administrative appeals do not provide a habeas claim independent of a due process claim).  Moreover, Guzman does not allege he was prejudiced by any purported violation of the administrative remedies process, as he notes he was able to exhaust his remedies, and Respondent does not allege Guzman failed to do so.  Doc. 1-1 at 5; Doc. 7.  Thus, the Court should **GRANT** this portion of Respondent's Motion.

## IV.   Whether the Sanctions Are Allowable Under Policy

The BOP's Program Statement 5270.09 concerns the inmate disciplinary program. Doc. 7 at 10.  Under this Statement, prohibited acts are categorized and assigned code numbers and severity levels.  In addition, the possible sanctions for any prohibited act are set forth in the

Program Statement.  Program Statement 5270.09.[5]  A Code 108 charge is one of the "greatest severity," and the allowable sanctions for violations of charges of the greatest severity are sanctions "A through M" after a finding is made the inmate committed the charged act.  Id. at 9, 12–16 (§ 541.3(b)(1)).  The allowable sanctions for a finding of guilt on a Code 108 charge include forfeiture of up to 100% of non-vested good conduct time, disallowance of up to 41 days' good conduct time, and loss of privileges.  Id. at 11 (§§ 541.4(b)(1), (4)); Doc. 7 at 10. DHO Perry found Guzman guilty of the Code 108 charged offense, and "some evidence" supports this finding.  DHO Perry's "recommendation" to impose the loss of 41 days' good conduct time, 90 days non-vested good conduct time, and loss of visitation, commissary, and telephone privileges for 6 months after finding Guzman guilty of the charged offense is in accordance with the BOP's Program Statement for inmate discipline.[6]  Thus, the sanctions "were proper under the circumstances."  See Duffy v. Atkinson, No. 09-23210-CIV, 2010 WL 3055190, at *4 (M.D. Ga. July 9, 2010) (recognizing a violation of a moderate category offense and finding imposed sanctions appropriate under the applicable policy), *report and recommendation adopted*, 2010 WL 3055223 (Aug. 3, 2010).  Accordingly, I **RECOMMEND** the Court **GRANT** this portion of Respondent's Motion to Dismiss.

## V.    Whether the Severity of Sanctions Violated Guzman's Right to Equal Protection

Guzman avers there is disparity between the sanctions imposed against him and against other inmates who are housed at BOP facilities who committed the same prohibited act, which the Court construes as an equal protection violation.  Doc. 1-1 at 2.  In order to state a viable

---

[5]    https://www.bop.gov/PublicInfo/execute/policysearch?todo=query, last visited Aug. 12, 2020.

[6]    The Court views the alleged severity of the sanctions and DHO Perry's ability to impose these sanctions are a different analysis.  Whatever sanctions were imposed—whether in violation of the applicable Regulations regarding BOP "staff"—comport with the allowable sanctions under Program Statement 5270.09.

equal protection claim, a prisoner must allege: (1) that he has been treated differently from other "similarly situated" inmates, and (2) that this discriminatory treatment is based upon a constitutionally impermissible basis, such as race. <u>Jones v. Ray</u>, 279 F.3d 944, 946–47 (11th Cir. 2001).

In this case, Guzman contends he received more severe punishment than other inmates who are housed in BOP facilities and who committed the same offense. However, Guzman fails to allege he is similarly situated to those inmates, particularly given the number of inmate-specific factors the DHO considers when fashioning a punishment. Moreover, Guzman fails to allege he was discriminated against based on a constitutionally impermissible basis, such as race. While Guzman attempts to make a showing of an equal protection claim, he sets forth no more than conclusory allegations in this regard. For these reasons, the Court should **DENY** this portion of Guzman's Petition.

### CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT in part** and **DENY in part** Respondent's Motion to Dismiss and **DENY** the portion of Guzman's Petition relating to an alleged equal protection violation.

The Court directs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO REPORTED and RECOMMENDED**, this 12th day of August, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA